```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                     :
YUDITH REYNOSO-HICIANO,              :          25cv5177 (DLC)
                                     :
                         Movant,     :          20cr388-4 (DLC)
                                     :
           -v-                       :          ORDER
                                     :
UNITED STATES OF AMERICA,            :
                                     :
                         Respondent. :
                                     :
------------------------------------ X
```

DENISE COTE, District Judge:

On April 29, 2022, movant Yudith Reynoso-Hiciano was sentenced principally to a term of imprisonment of 72 months. Reynoso-Hiciano appealed her conviction, and the Court of Appeals affirmed it on February 7, 2024. United States v. Reynoso-Hiciano, No. 22-1044-CR, 2024 WL 461706 (2d Cir. Feb. 7, 2024). The deadline to file a petition for a writ of certiorari was May 7, 2024. Reynoso-Hiciano challenges her conviction in a 28 U.S.C. § 2255 petition dated June 1, 2025 and docketed on June 20, 2025, raising ineffective assistance of counsel claims.

The movant is advised that 28 U.S.C. § 2255 imposes a "1-year period of limitation" on the filing of a petition under that section. 28 U.S.C. § 2255(f)(1). The one-year period of limitation begins to run, as relevant to this motion, from "the date on which the judgment of conviction becomes final." Id.; Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (finding that, where a defendant did not appeal, a conviction is final under § 2255 after

the period for filing a direct appeal expires).  Judgment of the defendant's conviction became final on May 7, 2024.  The one-year time limit to file therefore expired on May 7, 2025.

A petitioner may secure equitable tolling of the limitations period for filing a federal habeas petition only in "rare and exceptional circumstances." Clemente v. Lee, 72 F.4th 466, 478 (2d Cir. 2023) (citation omitted).  To benefit from equitable tolling, the petitioner must establish that: (a) extraordinary circumstances prevented her from filing a timely petition, and (b) she has been pursuing her rights diligently.  Doe v. United States, 76 F.4th 64, 71 (2d Cir. 2023); Holland v. Florida, 560 U.S. 631, 649 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." Doe, at 73 (citation omitted).  The party seeking equitable tolling "is required to show reasonable diligence in pursuing his claim throughout the period he seeks to have tolled." Smalls v. Collins, 10 F.4th 117, 145 (2d Cir. 2021) (citation omitted).  "This showing cannot be made if the party, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Id. (citation omitted). Accordingly, it is hereby

ORDERED that the movant may make a submission to the Court by **August 29, 2025,** demonstrating that she has acted diligently and that there were extraordinary circumstances that prevented her from timely filing her § 2255 petition.  In the event that the movant

2

fails to make such a showing, this petition shall be dismissed as time-barred.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Reynoso-Hiciano a copy of this Order and note mailing on the docket.

Dated:    New York, New York
          July 8, 2025

_____
DENISE COTE
United States District Judge