UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>Yudith Reynoso-Hiciano,<br><br>*Defendant.* | 20 Cr. 388 (DLC)<br>25 Civ. 5177 (DLC) |

**ORDER RE ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)**

WHEREAS Yudith Reynoso-Hiciano has moved for relief from her sentence pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel; and

WHEREAS the Government, after reviewing the motion papers, has concluded that the testimony of Reynoso-Hiciano's former counsel, Patrick Brackley, Esq. ("Counsel"), is needed in order to allow the Government to respond to the motion; and

WHEREAS the Court, after reviewing the motion papers, is satisfied that the testimony of Counsel is needed in order to allow the Government to respond to the motion; and

WHEREAS by making the motion, Reynoso-Hiciano has waived the attorney-client privilege as a matter of law; and

WHEREAS the Court is cognizant that, absent Court order or informed consent, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim*;

IT IS HEREBY ORDERED that Reynoso-Hiciano execute and return to this Court within 60 days from today's date the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form. If the form is not received by the Court within 60 days from today's date, the

Court will deny the Section 2255 motion, on the ground that Reynoso-Hiciano failed to authorize the disclosure of information needed to permit the Government to respond to the motion; and it is further

ORDERED that upon receipt of said executed "Attorney-Client Privilege Waiver (Informed Consent)" from Reynoso-Hiciano, the Government shall promptly serve said waiver on Counsel, who shall give sworn testimony, in the form of an affidavit or declaration, addressing the allegations of ineffective assistance of counsel made by Reynoso-Hiciano within 60 days after being served with the signed waiver by the Government; and it is further

ORDERED that the Government shall be permitted an additional 60 days from the receipt of said affidavit or declaration from Counsel to file its opposition and any additional supporting papers with this Court; and it is further

ORDERED that Reynoso-Hiciano shall have 30 days from the date on which she is served with the Government's opposition to file a reply, if any.

SO ORDERED.

Dated: New York, New York

_____October 15_____, 2025

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| United States of America | |
|---|---|
| v. | **20 Cr. 388 (DLC)**<br>**25 Civ. 5177 (DLC)** |
| Yudith Reynoso-Hiciano, | |
| *Defendant.* | |

## ATTORNEY-CLIENT PRIVILEGE WAIVER (INFORMED CONSENT)

To:   Yudith Reynoso-Hiciano

You have made a motion under Title 28, United States Code, Section 2255 to have your sentence set aside on the ground that you received ineffective assistance from your former lawyer, Patrick Brackley, Esq. (referred to in this form as your "former counsel"). The Court has reviewed your papers and determined that it needs to have a sworn testimonial statement from former counsel in order to evaluate your motion.

By making this motion, you have waived the attorney-client privilege you had with your former counsel to the extent relevant to determining your claim. This means that if you wish to press your claim of ineffective assistance, you cannot keep the communications between yourself and your former counsel a secret — you must allow them to be disclosed to the Government and to the Court pursuant to Court order. The Court has already issued an Order (copy attached) ordering your former counsel to give such testimony, in the form of an affidavit. This Informed Consent form is designed to ensure that you fully understand and agree to this.

Specifically, if you wish to proceed with your motion to set aside your sentence on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court (keeping a copy for your records). The form constitutes your authorization to your former counsel to disclose confidential communications (1) only in response to a Court order and (2) only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by your motion.

You should know that if you sign this authorization, you run the risk that your former counsel will contradict your statements about his or her representation of you. However, you should also know that the Court will deny your motion if you do not authorize your former counsel to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within sixty (60) days from the date of the Court's Order directing your former counsel to give testimony. If the Court does not receive this form, signed by you and notarized, within that time, the Court will automatically deny your motion.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated _____ and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former counsel Patrick Brackley, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my motion to set aside my sentence on the ground of ineffective assistance of counsel. This authorization allows my former counsel to testify only pursuant to Court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my motion.

_____                          Dated: _____
Yudith Reynoso-Hiciano


Sworn to before me this _____ day of _____, 2025



_____
Notary Public

2

**Attorney-Client Privilege Waiver (Informed Consent)**