UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YUDITH REYNOSO-HICIANO,<br>Petitioner,<br>-v-<br>UNITED STATES OF AMERICA,<br>Respondent. | 25cv5177 (DLC)<br>20cr388-4 (DLC)<br><br>MEMORANDUM<br>OPINION & ORDER |

APPEARANCES:

For petitioner:

Yudith Reynoso-Hiciano, Pro Se

For the United States of America:

Alexander Li
Daniel H. Wolf
U.S. Attorney's Office for the Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

Yudith Reynoso-Hiciano, appearing pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. For the following reasons, the petition is denied.

## Background

On July 30, 2020, Reynoso was indicted on kidnapping charges. Her brother had been swindled when he sold a kilogram of cocaine in May of 2019. He was paid only $1,500 instead of the negotiated price of $34,000. Afterward, Reynoso and her

brother summoned a broker for the transaction to Reynoso's apartment. In Reynoso's presence, the broker was bound, threatened, and hit. Reynoso told her son to get a hammer to smash the broker's fingers. The broker escaped when he was taken downstairs to be handed over to others.

Reynoso was arrested in the Dominican Republic on July 7, 2021. She was initially represented by assigned counsel, but on September 30, her application to be represented by retained counsel was granted. She proceeded to trial in January of 2022. Five days before the Government began its presentation of evidence, it sent the marked trial exhibits to the defendant. To assist the defendant and her counsel, the Court ordered the Marshals to keep the defendant in the courthouse until 7:00 p.m. on the three trial days. After the Government rested, the defendant took the stand and testified falsely in her own defense. The evidence against her included videos of events in her apartment during the kidnapping that were recorded on her own cell phone. She was convicted on January 13.

At the sentencing proceeding on April 29, 2022, Reynoso spoke at length, apologizing for her role in the crime, explaining that she was trying to help her family, and complaining about the prison conditions during the COVID-19 pandemic. She made no complaint at that time about her trial

counsel or her lack of access to discovery materials during the pretrial period. Reynoso was sentenced principally to a term of 72 months' imprisonment. The sentence imposed was below the guidelines range of 188 to 238 months' imprisonment and the Probation Department's recommendation of 84 months' imprisonment. The conviction was affirmed on February 7, 2024. United States v. Reynoso-Hiciano, No. 22-1044-CR, 2024 WL 461706 (2d Cir. Feb. 7, 2024), cert. denied, 144 S. Ct. 2618 (2024).

On July 31, 2024, Reynoso's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(a) was denied. United States v. Reynoso-Hiciano, No. 20-cr-388, 2024 WL 3607808 (S.D.N.Y. July 31, 2024). On March 3, 2025, her motion for compassionate release was denied. United States v. Reynoso-Hiciano, No. 20-cr-388, 2025 WL 673061 (S.D.N.Y. Mar. 3, 2025). She is scheduled to be released from prison on August 17, 2026.

In a filing dated June 1 and docketed on June 20, 2025, Reynoso timely petitions for a writ of habeas corpus, alleging ineffective assistance by her retained trial counsel, Mr. Patrick Brackley, an experienced and skilled trial attorney. The Government opposed the petition on March 30, 2026, having obtained, with Reynoso's consent, an affidavit from Mr. Brackley concerning the issues raised in the petition. Reynoso has not filed a reply, which was due on June 22. In a letter dated

April 15 and docketed on April 21, however, Reynoso requested a lawyer.

## Discussion

Under 28 U.S.C. § 2255, a movant may petition a court to "vacate, set aside or correct" a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States" or is "otherwise subject to collateral attack." Stone v. United States, 37 F.4th 825, 828 (2d Cir. 2022) (quoting 28 U.S.C. § 2255(a)). Pro se litigants are "entitled to a liberal construction of their pleadings, which should be read to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (citation omitted). Nevertheless, a pro se habeas petitioner must prove the unconstitutionality of her conviction under § 2255 by a preponderance of the evidence. See Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000).

To establish ineffective assistance of counsel,

> a defendant must demonstrate that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) this deficient performance caused prejudice to the defendant -- that is, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

United States v. Overton, 24 F.4th 870, 880 (2d Cir. 2022) (citing Strickland v. Washington, 466 U.S. 668, 688, 694

(1984)). "Courts reviewing ineffective assistance of counsel claims are highly deferential, and must strongly presume that counsel made all significant decisions in the exercise of reasonable professional judgment." United States v. Rosemond, 958 F.3d 111, 121 (2d Cir. 2020) (citation omitted). "This presumption is overcome only if counsel failed to act reasonably considering all of the circumstances." Id. (citation omitted).

When ruling on a § 2255 petition, a district court need not hold a hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle her to relief." Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013). Section 2255 "does not imply that there must be a hearing where the allegations are vague, conclusory, or palpably incredible." Id. (citation omitted).

In her petition, Reynoso asserts that Mr. Brackley provided her with ineffective assistance in three different ways. First, she explains that, while he visited her several times in prison before trial, he did not "go over" discovery materials or Jencks Act materials with her. She also complains that he did not file

pretrial motions on her behalf other than a motion for her release on bail. Finally, she contends that he did not conduct a reasonable investigation to prepare her defense. None of these assertions requires a hearing or issuance of a writ.

I. Review of Discovery Materials

Reynoso first complains that her attorney did not review the discovery materials with her. This allegation, however, is inconsistent with the record.

At the final pretrial conference on December 17, 2021, Mr. Brackley explained that when he first visited Reynoso she told him that her prior counsel had not given her the discovery materials, particularly the videos. Mr. Brackley explained that, in the time since, he had reviewed the videos with her, provided her with her own copy of the 3500 material, and "thoroughly" gone through the evidence with her. The defendant did not contradict her attorney's representations to the Court at that time. It should be noted that the evidence in this prosecution was not voluminous.

In his recently submitted affidavit, Mr. Brackley reports that Reynoso's prior counsel represented to him that he had provided the defendant with all the discovery and had discussed it with her. Mr. Brackley further reports that when he became Reynoso's attorney, he visited her many times in prison,

reviewed every piece of discovery with her, listened to the recordings with her many times, and even gave her family copies of the discovery. He also explains that she worked conscientiously with him to prepare for trial and to present her defense.

At the trial, Mr. Brackley requested, and the Court agreed, to provide him and his client with extra time for consultation at the end of the trial day before she was returned to prison each night. Those hours would have given the defendant more time to review discovery materials with her attorney if she wished to do so.

As already noted, when Reynoso addressed the Court at her sentencing she made no complaints about her representation by counsel. She complained at length, however, about prison conditions.

A defense counsel's neglect in providing important discovery materials to the defendant and in discussing relevant portions of those materials is a serious failure. Nonetheless, a hearing to resolve this dispute is not necessary since Reynoso has not identified any prejudice. For instance, she does not point to any document or video that was exculpatory or whose prior review would have altered the outcome of the trial or her defense. She does not identify any way in which her testimony

would have been different if she had had more time to reflect on the discovery materials. In the absence of a showing of prejudice, this claim fails.

## II. Pretrial Motions

Reynoso next asserts that her attorney was ineffective because he did not file pretrial motions. Reynoso does not, however, identify which motions trial counsel should have but did not file, and what the bases of those motions should have been. Without such information, the Court cannot evaluate the reasonableness of Mr. Brackley's decision not to file pretrial motions, and any prejudice that may have resulted. This argument is therefore too vague to state a claim for relief.

## III. Preparation of the Defense

Finally, Reynoso asserts that her attorney failed to conduct a sufficient pretrial investigation and to prepare her defense. This assertion also fails as conclusory.

Reynoso does not identify any task that her counsel should have performed but failed to do. For instance, she does not identify a witness that he should have interviewed but did not. Moreover, the core events at issue all took place in her presence in her apartment. The other relevant events were principally telephone calls that she made and recorded. She was in the best position, therefore, to educate her attorney.

IV. Request for Counsel

Reynoso's letter request for an attorney, dated April 15, 2026, is also denied. "[A] habeas petitioner has no constitutional right to counsel in [her] habeas proceeding . . . ." Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). Rather, counsel may be appointed for a financially eligible petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In determining whether to grant an application for counsel, a court considers whether the petitioner has made a "threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989) (per curiam). Reynoso has made no such showing. Accordingly, her request for counsel is denied.

## **Conclusion**

The June 20, 2025 petition for a writ of habeas corpus is denied. Reynoso having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this

Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated: New York, New York
July 6, 2026

DENISE COTE
United States District Judge